IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 26, 2026 Session

**BRITTANY WILSON (HAMILTON) v. JEFFERY D. WILSON**

**Appeal from the Circuit Court for Knox County**
**No. 154495   Gregory S. McMillan, Judge**

_____

**No. E2026-00081-COA-R3-CV**

_____

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, P.J., E.S.; KRISTI M. DAVIS, J.; AND WILLIAM E. PHILLIPS, II, J.

Andrew O. Beamer and Scott Saidak, Knoxville, Tennessee, for the appellant, Jeffery D. Wilson.

Donald K. Vowell and Jedidiah C. McKeehan, Knoxville, Tennessee, for the appellee, Brittany Wilson.

**MEMORANDUM OPINION[1]**

The appellant, Jeffery D. Wilson ("Appellant"), filed a notice of appeal with this Court in January 2026, which states that Appellant is appealing the December 19, 2025 order of the Knox County Circuit Court ("the Trial Court"). The Trial Court Clerk provided this Court with the Trial Court's December 19, 2025 order. The December 19, 2025 order resolves some issues before the trial court but states that the plaintiff's motion for civil

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

contempt remained pending before the trial court, as well as any requested attorney's fees regarding the alleged contempt. Although a hearing regarding the contempt motion began, the hearing was continued to a later unspecified date. As such, no disposition was made regarding the civil contempt charges in this court order.

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order in February 2026, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. In its order, this Court cautioned Appellant that if he failed to obtain a final judgment, this appeal could be dismissed without further notification of the Court. After the thirty days had passed, the Trial Court Clerk notified this Court that the Trial Court had yet to enter a final judgment. To date, Appellant has not provided this Court with a final order from the Trial Court nor has he responded to this Court's show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Jeffery D. Wilson, for which execution may issue.

**PER CURIAM**